UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

JAMES RICHARD SUSCHIL and RENEE
SUE SUSCHIL,

            Debtors.

_____/

JEFF A. MOYER, chapter 7 trustee,

            Plaintiff,

v.

LEE VANPOPERING,

            Defendant.

_____/

Case No. DG 05-17246
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 19-80045

**MEMORANDUM OF DECISION AND ORDER**

PRESENT: Chief Judge Scott W. Dales

I.  BACKGROUND

Chapter 7 trustee Jeff A. Moyer (the "Trustee") filed suit against Lee VanPopering ("Mr. VanPopering" or the "Defendant") to avoid and recover a post-petition transfer of commercial property in Plainfield Township (the "Property") that the Trustee regarded as a transfer of estate property without authority.  He also sought recovery of the rents and sale proceeds related to the Property accruing after chapter 7 debtors James and Renee Suschil (the "Debtors") filed their voluntary petition in 2005.  The Trustee's rights depended on (1) his succeeding to the Debtors'

interests in the Property on the petition date pursuant to 11 U.S.C. § 541(a)(1);[1] and (2) the Trustee's strong-arm powers under § 544(a)(1) and (a)(3).

The Trustee and Mr. VanPopering each filed motions for summary judgment, and after fully briefing and arguing the motions, the court sided with Mr. VanPopering, embodying its ruling in the Order.  To summarize, the court found that by conceding that Mr. VanPopering did not deliver the 2002 Deed to Mr. Suschil before the petition date, the Trustee could not assert any interest in the property under § 541(a).  Without delivery, no title passed to the Debtors under the 2002 Deed, so they had no title to pass to the Trustee (as the estate's representative) under § 541(a).  In addition, the court made its "*Erie* guess," predicting that the Michigan Supreme Court would approach the title problems resulting from a recorded, undelivered deed by relying on the presumption of delivery that arises upon recording, rather than M.C.L. § 565.29.

The court shares Mr. VanPopering's view that under the circumstances of the case, the Trustee's right to recovery under any count within the complaint depended on the validity of the 2002 deed under Michigan law, which in turn depended on the presumption of delivery.  Because Mr. VanPopering did not deliver the 2002 Deed and Mr. Suschil did not accept it, the court entered judgment in Mr. VanPopering's favor.

On July 3, 2020, the Trustee filed a Motion for Reconsideration (the "Motion," ECF No. 45) arguing that the court's Order suffers from two manifest errors of law.  First, the Trustee argues that there was delivery and acceptance of the 2002 Deed, as a matter of law, when the Debtors executed and delivered the 2014 Deed purporting to "reconvey" the Debtors' interest back to Mr.

---

[1] Unless otherwise indicated, all chapter and section references in this opinion are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  In addition, the court will use the same capitalized terms defined in the Memorandum of Decision and Order on June 19, 2020 (the "Order," ECF No. 42).

VanPopering.   Second, the Trustee contends that the court erroneously interpreted Michigan's recording act.

Mr. VanPopering responded to the Trustee's Motion on July 20, 2020.   The court has reviewed both briefs, finds no need for additional argument, and will rule on the papers submitted.

## II.  ANALYSIS

First, the court regards the Motion as timely pursuant to Fed. R. Bankr. P. Rules 7052 and 9023 which both require disappointed litigants to file such motions within 14 days after entry of an order.

Second, on the merits, a party seeking reconsideration must establish a clear error of law, newly discovered evidence, an intervening change in controlling law, or the need to prevent manifest injustice.  *See In re Solomon*, 436 B.R. 451, 453 (Bankr. W.D. Mich. 2010); *In re Ying Ly*, 350 B.R. 757 (Bankr. W.D. Mich. 2006).  The Trustee contends the court committed clear legal errors when it dismissed his complaint.  The court disagrees and will deny the Motion on the merits based upon the well-established standards governing such motions.

In his Motion, the Trustee either advances arguments he failed to make in his own motion for summary judgment or in his response to Mr. VanPopering's motion for summary judgment or reiterates oral and written arguments the court previously rejected.

For example, despite conceding that the 2002 Deed  was never delivered and that he could not rely on § 541(a),[2] the Trustee now argues that the Debtors' delivery of the quit claim deed in 2014 effected a delivery of the 2002 Deed, retroactive to before the Petition Date.  *See* Brief in Support of Motion for Reconsideration ("Trustee's Brief," ECF No. 45-1) at pp. 3-7 (Part II).  This is a new argument, which dooms it under the standards governing reconsideration.

---

[2] *See* Transcript of Oral Argument Held on June 1, 2020 (hereinafter "Tr.," ECF No. 48) at 16:17-17:1 and 53:22 to 54:2.

Moreover, on the merits, Michigan law supplies the rule of decision, and the court continues to believe that Michigan law requires delivery of a deed before any interest -- contingent, future, inchoate, or otherwise -- passes to the named grantee. In contrast to the cases in the Trustee's Brief involving delayed delivery upon the grantee's knowing "reconveyance" to the grantor,[3] the record here does not support a finding of any deliberate or knowing acceptance of the 2002 Deed in 2014 upon the supposed "reconveyance." At most, the Debtors recognized their signatures on the 2014 Deed, a slim reed upon which to predicate a finding that they knowingly accepted the 2002 Deed in 2014.

Even if the 2014 Deed effected delivery of the 2002 Deed, as the Trustee belatedly contends, he offers no Michigan authority for giving the supposed 2014 acceptance retroactive effect (predating the Petition Date), only the *ipse dixit* of counsel at the foot of page 6:

> Certainly, a recorded deed that, on its face, represents an absolute transfer of real property to the Debtor, that could ripen into an effective conveyance upon the original grantor requesting a reconveyance in the future, would fall under those categories [of future, nonpossessory, contingent, speculative [or] derivative interests].

*See* Trustee's Brief at p. 6. The argument based on cases such as *Segal v. Rochelle*, 382 U.S. 375, 379 (1966), which ask whether an asset is "sufficiently rooted in the pre-bankruptcy past," would not have helped the Trustee, even if he had timely advanced it, because that argument requires substantial prepetition activity of the debtor, and there was no such activity in the *Debtors'* pre-bankruptcy past that would justify a finding that they obtained the property from Mr. VanPopering. *Lawrence v. Comm. of Kentucky Transp. Cabinet (In re Shelbyville Rd. Shoppes, LLC)*, 775 F.3d 789, 796 (6th Cir. 2015) (distinguishing *Segal* because the debtor "had no legal recourse pre-petition to obtain a refund of the deposit" at issue).

---

[3] *See, e.g., Gould v. Day*, 94 U.S. 405 (1878) and *Schmidt v. Jennings*, 102 N.W.2d 589 (Mich. 1960).

Even the *Segal* court recognized limits on its decision to include the tax refund within the estate, noting (by way of example) that "an intended bequest to [a debtor] or a promised gift" would not be included in  the estate, despite the prepetition roots.  *Segal*, 382 U.S. at 379.  At the oral argument, though not citing *Segal*, the Trustee conceded as much.  *See* Tr. at 16:3 to 17:1 (admitting that mere recording of undelivered deed is insufficient to bring property within the estate under § 541).

Similarly, the Trustee's description of the Debtors' supposed interest under the 2002 Deed as "inchoate" is as unavailing here as it was in *Moyer v. Slotman (In re Slotman)*, Adv. No. 12-80232, 2013 WL 7823003, at *8 (Bankr. W.D. Mich. Dec. 5, 2013).  In that decision, the Hon. James D. Gregg refused to permit the Trustee to recover the Debtor's "inchoate" interest in her husband's business because the interest had not "vested" or "come[] into existence" under Michigan law before the transfer at issue took effect.  *Id.* Under Michigan law, the debtor's marriage to the defendant was an insufficient pre-petition condition because the requirement for vesting (the initiation of divorce proceedings) had not occurred in time. The court's more decision in *In re Kooi*, 547 B.R. 244 (Bankr. W.D. Mich. 2016), does not help the Trustee, either, because in that case Michigan law clearly recognized that "each party to the [prepetition] divorce action, including the Debtor, had a property interest in the marital estate," albeit a contingent interest. *Id*., 547 B.R. at 249.  Here, as the summary judgment record demonstrates, the Debtors were ignorant of the 2002 Deed and had no prepetition involvement in the property whatsoever.  "The nature and extent of property rights in bankruptcy are determined by the 'underlying substantive law.'" *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 461 (6th Cir. 2013) (citing *Raleigh v. Ill. Dep't of Rev.*,

530 U.S. 15, 20 (2000)).[4]  Without delivery and acceptance of the 2002 Deed, the Debtors derived no interest in the property under Michigan law.  The recording of the deed simply raised a now-rebutted presumption of delivery, imparting no interest that could ripen into property of the estate under § 541.  *See* Tr. at 16:3 to 17:1.  The court rejects the Trustee's efforts to bring the property into the estate under § 541(a)(7) based on the 2014 Deed as inconsistent with Michigan real estate law.

With respect to the Trustee's renewed arguments about the court's more modest view of the recording acts and their impact on *bona fide* purchasers, the arguments suggest a difference of opinion, not a clear error of law.

### III. CONCLUSION AND ORDER

The court has considered these (and the Trustee's other) arguments and finds them without merit.  For the foregoing reasons, and those set forth in the Order, the court will deny the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 45) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jeff A. Moyer, Esq., Andrew J. Gerdes, Esq. and Thomas A. Hoffman, Esq.

---

[4] Because the Bankruptcy Code, *Tyler*, and *Raleigh* all post-date *Segal*, courts (and litigants) should not treat *Segal* as an independent source of interests in property; they must look to the underlying substantive law, state or federal, for recognition of the particular interests at issue.  *Tyler*, 736 F.3d at 461 (state or federal) and 462 ("pre-petition conduct or facts alone will not 'root' a claim in the past").

**IT IS SO ORDERED.**

**Dated July 28, 2020**



Scott W. Dales
United States Bankruptcy Judge